IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON KERNS, ARCHIE KERNS, and
MARY ANN KERNS,

    Plaintiffs,

vs.                                                                                                            No. CIV 07-0771 JB/ACT

BOARD OF COMMISSIONERS OF
BERNALILLO COUNTY, BERNALILLO COUNTY
SHERIFF DARREN WHITE, in his individual and his
official capacity, BERNALILLO COUNTY SHERIFF'S
DETECTIVES BRIAN LINDLEY, RALPH GONZALES, and
JAMES HAMSTEN, in their individual capacities, BERNALILLO
COUNTY SHERIFF DEPUTIES LAWRENCE KOREN,
SEAN CONNORS, AARON WRIGHT, TIMOTHY HIX, and
RHONDA MOYA, in their individual capacities, THE CITY OF
ALBUQUERQUE, ALBUQUERQUE POLICE DEPARTMENT
OFFICERS DREW BADER, MATT THOMPSON, RUSSELL CARTER,
ROBERT JOHNSTON and JAMES MONTOYA,
in their individual capacities, METROPOLITAN FORENSIC
SCIENCE CENTER FIREARM AND TOOL MARK EXAMINER
MIKE HAAG, in his individual capacity, and JOHN DOES 1-10,
in their individual capacities,

    Defendants.

**ORDER**

    **THIS MATTER** comes before the Court on the Opposed Motion to Compel Cell Phone Information, filed August 3, 2009 (Doc. 195). The Court held a hearing on August 31, 2009. The primary issue is whether the Court should compel Defendant Bernalillo County Sheriff's Detective Brian Lindley and Bernalillo County Sheriff's Detective Ralph Gonzales[1] to provide their cellular

---

[1] Gonzales is no longer a defendant in this matter, but the Plaintiffs argue that his dismissal from this case does not render the information requested from him irrelevant, because it may still lead to the discovery of admissible evidence, which may be used for impeachment purposes or as substantive evidence. See Reply at 1.

telephone records from August 6, 2005 to August 22, 2005. Plaintiffs Jason Kerns, Archie Kerns, and Mary Anne Kerns previously requested cellular telephone information from Gonzales and Lindley for the time frame between August 6, 2005 and August 9, 2005 in Plaintiff Jason Kerns' Second Set of Interrogatories and Request for Production of Documents to Defendant Ralph Gonzales and in Plaintiff Jason Kerns' Second Set of Interrogatories and Request for Production of Documents to Defendant Brian Lindley. See Motion at 1. The Plaintiffs argue that such information is relevant to secure information about telephone contact between Lindley and Gonzales during the criminal investigation of J. Kerns in 2005. See Motion at 2. In response to the Plaintiffs' interrogatories, Lindley stated he was not in possession of his cellular telephone records, that such information must be requested from the vendor, and that he has no recollection of the cellular telephone number or numbers he used during the requested time period. See Defendant Brian Lindley's Answers and Responses to Plaintiff Jason Kerns' Second Set of Interrogatories and Request for Production of Documents, filed August 3, 2009 (Doc. 195-3). Gonzales responded in the same manner in his answers. See Defendant Ralph Gonzales' Answers and Responses to Plaintiffs' Second Set of Interrogatories and Request for Production of Documents, filed August 3, 2009 (Doc. 195-2)

The County Defendants[2] responded that they made inquiry of the two vendors for the Bernalillo County Sheriff's Department -- Verizon and Spring/Nextel, and that there is no indication that a cellular telephone was issued to Lindley or Gonzales. See County Defendants' Response to Plaintiffs' Motion to Compel Cell Phone Information at 2, filed August 10, 2009 (Doc. 200). The

---

[2] The County Defendants are Defendant Bernalillo County Sheriff Darren White, Defendant Bernalillo County Sheriff's Deputy Lawrence Koren, Defendant Bernalillo County Sheriff's Detective Brian Lindley, and Defendant Board of Commissioners of Bernalillo County.

County Defendants represent that Gonzales has obtained the telephone number and vendor for his personal cellular telephone, but Gonzales is not sure whether it was active at the time of his interview with A. Kerns.  See Response at 2.  The County Defendants also represent that the vendor of Gonzales' phone only keeps records for six months.  See Response at 2.  The Plaintiffs argue that they have not been provided the information regarding Gonzales' personal cellular telephone.  See Reply to Defendants' Response (Doc. 200) to Plaintiffs' Motion to Compel Cell Phone Information (Doc. 195), filed August 24, 2009 (Doc. 213).

The County Defendants further respond that Lindley does not recall the cellular telephone number of his personal phone.  See Response at 3.   They further argues that how information was transmitted between Lindley and Gonzales is irrelevant to the question of the accuracy of the information.  See Response at 3.  The Plaintiffs argue that Lindley should be required to make a reasonable effort to obtain his cellular telephone information.  See Reply at 2.  They further argue that the issue of who made what calls, to whom, and when may be relevant to credibility in this case, as well as relevant to establishing the chain of events leading to the arrest and prosecution of J. Kerns.  See Reply at 2.  They argue the information may also be relevant as circumstantial evidence of Lindley's bad faith.  See Reply at 2.

At the hearing, the Plaintiffs' attorney, Cammie Nichols, requested that the Court compel Lindley to make some effort to ascertain his cellular telephone information from 2005, including perhaps compelling Lindley to contact his bank and inquire to whom he was paying for cellular telephone service in August 2005.  See Transcript of Hearing at 182:9-22 (taken August 31, 2005)(Nichols)("Tr.").[3]  Ms. Nichols stressed that the information from both Gonzales and Lindley

---

[3] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

is relevant for impeachment.  <u>See</u> Tr. at 184:2-8 (Nichols).  Daniel Macke, counsel for the County Defendants, explained that when he received the discovery request, he spoke with Lindley and Gonzales, who expressed a clear lack of memory.  Mr. Macke represents that he subpoenaed Gonzales' records from his vendor, but did not get any responsive information back older than six months.  <u>See</u> Tr. at 183:4-17 (Macke).  He stated that Lindley does not remember even if he had a cellular telephone in 2005.  <u>See</u> Tr. at 183:18-23 (Macke).  Ms. Nichols conceded that, with respect to Gonzales, there does not appear to be anything more that the parties or the Court can do.  <u>See</u> Tr. at 184:17-19.  She argued, however, that Lindley should continue his efforts.  <u>See</u> Tr. at 184:22-25 (Nichols).

      The Court has considered the parties arguments, and for the reasons stated on the record and for further reasons consistent with those already stated, the Court will order that Lindley contact his bank and make a reasonable effort to ascertain whether he was paying for cellular telephone service in 2005, from whom, and what telephone he used at that time.

      **IT IS ORDERED** that the Opposed Motion to Compel Cell Phone Information is granted in part and denied in part.  The Court will not compel the County Defendants to put forth further efforts to retrieve Ralph Gonzales' cellular telephone information.  The Court orders that Defendant Brian Lindley put forth diligent effort to search his bank records for payments made to a cellular service provider during August 2005 and/or contact his bank to ascertain to whom he was paying for cellular telephone service in 2005.  If Lindley, through these efforts, determines what his phone number was in 2005, he is ordered to identify the vendor and cellular telephone number used to the Plaintiffs.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Marc M. Lowry
Carolyn M. ("Cammie") Nichols
Rothstein, Donatelli, Hughes, Dahlstrom,
  Schoenburg & Bienvenu, LLP
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

Daniel J. Macke
Robles, Rael, & Anaya, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants Board of Commissioners of*
      *Bernalillo County, Bernalillo County Sheriff Darren*
      *White, Bernalillo County Sheriff's Detectives Brian Lindley,*
      *and Bernalillo County Sheriff's Deputy Lawrence Koren*

Stephanie M. Griffin
  Assistant City Attorney
Albuquerque City Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Defendants Albuquerque Police*
      *Department Officers Drew Baden, Matt Thompson,*
      *Russell Carter, and Metropolitan Forensic Science*
      *Center Firearm and Tool Mark Examiner Mike Haag.*