IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON KERNS, ARCHIE KERNS and
MARY ANN KERNS,

      Plaintiffs,

vs.                                                                           No. CIV 07-0771 JB/ACT

BOARD OF COMMISSIONERS OF
BERNALILLO COUNTY, BERNALILLO COUNTY
SHERIFF DARREN WHITE, in his individual and his
official capacity, BERNALILLO COUNTY SHERIFF'S
DETECTIVES BRIAN LINDLEY, RALPH GONZALES, and
JAMES HAMSTEN, in their individual capacities, BERNALILLO
COUNTY SHERIFF DEPUTIES LAWRENCE KOREN,
SEAN CONNORS, AARON WRIGHT, TIMOTHY HIX, and
RHONDA MOYA, in their individual capacities, THE CITY OF
ALBUQUERQUE, ALBUQUERQUE POLICE DEPARTMENT
OFFICERS DREW BADER, MATT THOMPSON, RUSSELL CARTER,
ROBERT JOHNSTON and JAMES MONTOYA,
in their individual capacities, METROPOLITAN FORENSIC
SCIENCE CENTER FIREARM AND TOOL MARK EXAMINER
MIKE HAAG, in his individual capacity, and JOHN DOES 1-10,
in their individual capacities,

      Defendants.

**ORDER**

      **THIS MATTER** comes before the Court on (i) Defendant Mike Haag's Motion for Summary Judgment and Memorandum in Support, Requesting Dismissal of Counts IV, V, VIII, IX, XI, XII, XIII, and XIV of Plaintiffs' First Amended Complaint, filed June 26, 2009 (Doc. 165); (ii) Defendants Board of County Commissioners of Bernalillo County, Darren White, Brian Lindley, Ralph Gonzales, and Laurence Koren's Motion for Summary Judgment on the Basis of Qualified Immunity and on Other Grounds and Memorandum in Support, filed July 17, 2009 (Doc. 182);

(iii) the Plaintiffs' Motion for Summary Judgment as to Liability on Counts III & VI of the First Amended Complaint, filed July 17, 2009 (Doc. 180); and (iv) the Plaintiffs' Motion for Summary Judgment as to Liability on Counts II, IV & V of the First Amended Complaint, filed July 27, 2009 (Doc. 189).  The Court held a hearing on August 31, 2009.  The primary issues are: (i) whether probable cause supported Defendant Bernalillo County Sheriff's Detective Brian Lindley's search-warrant affidavit for Plaintiffs Jason Kerns, Archie Kerns, and Mary Ann Kerns' residence; (ii) whether Defendant Bernalillo County Sheriff Darren White's request for J. Kerns' medical records was an unlawful search and seizure and an unlawful violation of privacy; (iii) whether Lindley's, Defendant Bernalillo County Sheriff's Deputy Lawrence Koren's, and Defendant Metropolitan Forensic Science Center Firearm and Tool Mark Examiner Mike Haag's contributions to the arrest-warrant affidavit were recklessly false, vitiating probable cause of J. Kerns' arrest; (iv) whether Lindley and Koren are liable for false arrest and malicious prosecution; (v) whether Haag is liable for false arrest and malicious prosecution for his ballistics analysis; (vi) whether Lindley, Koren, and Defendant Board of Commissioners of Bernalillo County are liable under the New Mexico Tort Claims Act ("NMTCA"), NMSA 1978, §§ 41-4-1 through 41-4-27, for false arrest and malicious abuse of process; and (vii) whether Lindley and Bernalillo County are liable for trespass and conversion.  The Court finds that probable cause supported the search warrant of the Plaintiffs' residence and will grant Lindley qualified immunity on Count II.  The Court finds that White violated J. Kerns' clearly established right to privacy in his personal medical records, which the Fourth and Fourteenth Amendment protects, and will thus deny White qualified immunity, and because there are no genuine issues of material fact necessitating trial, the Court will grant the Plaintiffs' motion for summary judgment on Count III.  Because the Court finds that White's actions established unconstitutional policy, the Court will also grant the Plaintiffs' motion for summary

judgment on Count VI.  The Court finds that qualified immunity on Counts IV and V is inappropriate, because accepting the facts as the Plaintiffs have asserted them, as the Court must when analyzing the qualified immunity inquiry, the Plaintiffs met their burden to show that Haag's, Lindley's, and Koren's reckless disregard of facts, which could have vitiated probable cause for J. Kerns' arrest and prosecution, violated J. Kerns' clearly established constitutional rights.  The Court, however, also finds that genuine issues of material fact as to Haag's, Lindley's and Koren's intent remain, and thus summary judgment is inappropriate on Counts IV and V, and therefore will deny both the Defendants' and the Plaintiffs' motions for summary judgment as to those counts.  Also, because the genuine issues of fact regarding the County Defendants' intent remain, the Court finds that the County Defendants' asserted probable-cause defense to the NMTCA tort claims in Counts XIII and IX remains unsettled, and thus summary judgment on those claims is inappropriate.  Finally, because no evidence of trespass or property conversion was presented in the Plaintiffs' response to the County Defendants' motion for summary judgment, the Court will grant summary judgment to Lindley and Bernalillo County on Counts X and XI.  For the reasons stated, the Court will (i) deny Defendant Mike Haag's Motion for Summary Judgment and Memorandum in Support, Requesting Dismissal of Counts IV, V, VIII, IX, XI, XII, XIII, and XIV of Plaintiffs' First Amended Complaint; (ii) deny in part and grant in part Defendants Board of County Commissioners of Bernalillo County, Darren White, Brian Lindley, Ralph Gonzales, and Laurence Koren's Motion for Summary Judgment on the Basis of Qualified Immunity and on Other Grounds and Memorandum in Support; (iii) grant the Plaintiffs' Motion for Summary Judgment as to Liability on Counts III & VI of the First Amended Complaint; and (iv) deny the Plaintiffs' Motion for Summary Judgment

as to Liability on Counts II, IV & V of the First Amended Complaint.[1]

**IT IS ORDERED** that (i) Defendant Mike Haag's Motion for Summary Judgment and Memorandum in Support, Requesting Dismissal of Counts IV, V, VIII, IX, XI, XII, XIII, and XIV of Plaintiffs' First Amended Complaint is denied; (ii) Defendants Board of County Commissioners of Bernalillo County, Darren White, Brian Lindley, Ralph Gonzales, and Laurence Koren's Motion for Summary Judgment on the Basis of Qualified Immunity and on Other Grounds and Memorandum in Support is denied in part and granted in part; (iii) Plaintiffs' Motion for Summary Judgment as to Liability on Counts III & VI of the First Amended Complaint is granted; and (iv) Plaintiffs' Motion for Summary Judgment as to Liability on Counts II, IV & V of the First Amended Complaint is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Marc M. Lowry
Carolyn M. ("Cammie") Nichols
Rothstein, Donatelli, Hughes, Dahlstrom,
  Schoenburg & Bienvenu, LLP
Albuquerque, New Mexico

   *Attorneys for the Plaintiffs*

---

[1] This Order disposes of the four motions at issue. The Court will, however, at a later date issue an opinion more fully detailing its rationale for its decisions.

Daniel J. Macke
Robles, Rael, & Anaya, P.C.
Albuquerque, New Mexico

> *Attorneys for the Defendants Board of Commissioners of
>    Bernalillo County, Bernalillo County Sheriff Darren
>    White, Bernalillo County Sheriff's Detectives Brian Lindley,
>    and Bernalillo County Sheriff's Deputy Lawrence Koren*

Stephanie M. Griffin
  Assistant City Attorney
Albuquerque City Attorney's Office
Albuquerque, New Mexico

> *Attorneys for the Defendants Albuquerque Police
>    Department Officers Drew Baden, Matt Thompson,
>    Russell Carter, and Metropolitan Forensic Science
>    Center Firearm and Tool Mark Examiner Mike Haag.*